IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL A. GRAVES, SR.                                                              PLAINTIFF

       v.                                CIVIL NO. 2:16-CV-2187

NANCY A. BERRYHILL, Acting
Commissioner, Social Security Administration                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). (ECF No. 14, 15). On May 14, 2018, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $7,486.60, representing a total of 9.95 attorney hours for work performed in 2016 at an hourly rate of $188.00 and 29.25 attorney hours in 2017 and 2018 at a rate of $192.00 per hour. (ECF No. 14-1). On May 25, 2018, the Defendant filed a response objecting to a number of the requested hours as excessive and involving clerical tasks that are not compensable under the EAJA. (ECF No. 16). On June 13, 2018, Plaintiff filed a Reply, conceding the Defendant's objections. (ECF No. 18).

Accordingly, the Court finds that the Plaintiff is entitled to a fee award in this case, as he is the prevailing party, the government's decision to deny benefits was not "substantially justified," the hourly rate requested does not exceed the CPI for either year in question, and the time asserted to have been spent in the representation of the Plaintiff before the district court is reasonable. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990) (the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour); and,

*Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved). Based upon the Plaintiff's acquiescence to the Defendant's objections, however, the Court finds that the Plaintiff's fee award should be decreased by 0.50 attorney hours for work performed in 2017. Thus, Plaintiff is entitled to an attorney's fee award under the EAJA in the amount of $7,317.40 ((9.05 x $188.00) + (29.25 x $192.00)).

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff. However, as a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties are reminded that, in order to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

**IV. Conclusion:**

Based upon the foregoing, Plaintiff is awarded the sum of **$7,317.40** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 18th day of June, 2018.

*/s/ P. K. Holmes* III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE